*HHH*

**FILED**

MAR 1 7 2010
3 -17-2010
Judge Samuel Der-Yeghiayan
U.S. District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 774 |
| vs. | ) | Judge Samuel Der-Yeghiayan |
| | ) | |
| NEAL MASCHKE | ) | |

## PLEA AGREEMENT

1.    This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant NEAL MASCHKE, and his attorney, RALPH MECZYK, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below.  The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.    The indictment in this case charges defendant with knowingly possessing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Counts One and Two).

3.    Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.    Defendant fully understands the nature and elements of the crimes with which he has been charged.

## **Charge to Which Defendant is Pleading Guilty**

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count One, which charges defendant with knowingly possessing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).  In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## **Factual Basis**

6.      Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the indictment.  In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline §1B1.3, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about September 19, 2009, at Skokie, in the Northern District of Illinois, Eastern Division, defendant knowingly possessed material, namely, a 16 GB Ativa thumb drive bearing number 33097, and a 4 GB Sony Microvault thumb drive bearing serial number 07206CDAV, which contained images of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), such images having been shipped and transported using any means and facility of interstate and foreign commerce and having been produced using materials that had been shipped and transported in interstate and foreign commerce by any means, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

2

Specifically, on September 19, 2009, defendant traveled from his residence in West Chicago, Illinois to a hotel in Skokie, Illinois, to meet Jose Garcia at what defendant understood to be a gathering of men who had a sexual interest in children and child pornography. Once in the hotel room, defendant and others present, including Garcia, watched on a television in the hotel room videos of prepubescent children engaged with adults and other children in sexual activity, including masturbation, oral sex, and intercourse. Defendant and Garcia played the videos by inserting DVDs containing child pornography into Garcia's laptop computer, which was connected to the hotel-room television.

After watching child-pornography videos on the hotel-room television for almost an hour, defendant went outside to the hotel parking lot. Defendant went to his car, retrieved two thumb drives, and brought them back to the hotel room. One was a 16 GB Ativa thumb drive bearing number 33097 (the "Ativa drive"), and the other was a 4 GB Sony Microvault thumb drive bearing serial number 07206CDAV (the Sony drive"). On these thumb drives, owned and used exclusively by defendant, defendant intentionally stored child-pornography images and videos that he had collected primarily by using his HP desktop computer, serial number MX30329618, to view and download material from the Internet. Defendant used the same computer to e-mail child pornography to others whom he knew to have a sexual interest in young boys. Defendant knew that the images and videos that he downloaded, kept, and distributed depicted real children engaged in sexually explicit conduct, including masturbation, oral sex, and intercourse.

The Ativa drive, which was manufactured in China, contained approximately 140 child-pornography videos. For instance, one of the videos on the Ativa drive, titled "10yo Danny," is an approximately 1 minute, 30-second long video, depicting a prepubescent boy who appears to be between 10 and 12 years old. The boy displays his penis to the camera and masturbates.

The Microvault drive, which was manufactured in Taiwan, contained over 1,000 child-pornography images. Defendant organized the images into different folders, based on the images' content (e.g., "man-boy love," "naked boyhood," "youngteen"). As an example, one of the images on the Microvault drive was titled "2 guys rape a boy.jpg," and depicted a minor, prepubescent boy between the ages of 10 and 12 years old performing oral sex on an adult male while a second adult male placed his penis in the child's anus.

In addition to storing child-pornography images and videos on the Ativa drive and the Microvault drive, defendant also intentionally saved child-pornography images and videos on four Memorex CDs and one 4 GB Optima Attache thumb drive bearing no serial number. The Memorex CDs and Optima Attache thumb drive were manufactured outside Illinois. Further, defendant printed images of prepubescent children engaged in sexually explicit conduct onto paper and stored the images underneath his bed.

## Maximum Statutory Penalties

7.      Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.      A maximum sentence of 10 years' imprisonment.  This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also must impose a term of supervised release of at least five years, up to life.

b.      Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

c.      In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

## Sentencing Guidelines Calculations

8.      Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines.  Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.      For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.      **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2009 Guidelines Manual.

5

b.   **Offense Level Calculations.**

i.      The base offense level for the charge in Count One of the indictment is 18, pursuant to Guideline § 2G2.2(a)(1).

ii.     Because the material involved prepubescent minors and minors who had not attained the age of 12 years, there is a two-level increase in the offense level under Guideline § 2G2.2(b)(2).

iii.    The offense involved distribution, so there is a two-level increase in the offense level under Guideline § 2G2.2(b)(3)(F).

iv.     The offense involved material that portrays sadistic and masochistic conduct, and other depictions of violence, resulting in a four-level increase in the offense level under Guideline § 2G2.2(b)(4).

v.      Because the offense involved the use of a computer for the possession, transmission, receipt, and distribution of the material, and for accessing with intent to view the material, there is a two-level increase in the offense level under Guideline § 2G2.2(b)(6).

vi.     There is a five-level increase in the offense level under Guideline § 2G2.2(b)(7)(D), because the offense involved 600 or more images.

vii.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct.  If the government does not receive additional evidence in conflict with this provision, and if defendant continues to

accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

           viii.   In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.  Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

           c.    **Criminal History Category.**  With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

           d.    **Anticipated Advisory Sentencing Guidelines Range.**  Therefore, based on the facts now known to the government, the anticipated offense level is 30, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 97 to 121 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.     Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely.  Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case.  Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation.  Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f.     Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing.  The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines.  The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10.     Each party is free to recommend whatever sentence it deems appropriate.

8

11.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12.     Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution in the full amount of the losses of any victim of defendant's offense, as the terms "victim" and "loss" are defined in that section. The amount of restitution shall be determined by the Court at sentencing.

13.     Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k) he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

14.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

15.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment as to this defendant.

**Forfeiture**

16.    The indictment charges that defendant has subjected personal property to forfeiture, namely (i) one 16 GB Ativa thumb drive, bearing number 33097; (ii) one 4 GB Sony Microvault thumb drive bearing serial number 07206CDAV; (iii) one 4 GB Optima Attache thumb drive bearing no serial number; (iv) one HP desktop computer, serial number MX30329618; (v) disks and printed images; and (vi) seized peripheral connecting cables and equipment, because that property contains visual depictions described in Title 18, United States Code, Section 2252A, and/or was used and intended to be used in any manner or part to commit and to promote the commission of defendant's violations of Title 18, United States Code, Section 2252A.  By entry of a guilty plea to Count One of the indictment, defendant acknowledges that the property identified above is subject to forfeiture.

17.    Defendant agrees to the entry of a forfeiture judgment against the property identified above, in that this property is subject to forfeiture.  Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described property and further agrees to the seizure of this property so that it may be disposed of according to law.  Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture and will cooperate with the United States during the ancillary stages of any forfeiture proceedings to defeat the claim of a third-party in the event a third party files a claim.

10

18.     Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

19.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 09 CR 774.

20.     This Plea Agreement concerns criminal liability only.  Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity.  The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

21.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

11

a.   **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.   The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.   If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.   If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

12

      iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

      v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

      vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

      vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

      b.     **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

c.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above.    Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

22.     By entering this plea of guilty, defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical evidence in the possession of the Government.  Defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Presentence Investigation Report/Post-Sentence Supervision

23.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters.  The government will make known all matters in aggravation and mitigation relevant to sentencing.

24.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer.  Defendant understands that providing false or incomplete information, or

refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

25.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced.  Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

26.     The parties acknowledge that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant report the address where defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and that the defendant register as a sex offender in any State where he resides, is employed, carries on a vocation, or is a student.

27.    Defendant agrees to participate in mental health and sex offender treatment programs as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

## Other Terms

28.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

29.    Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

30.    Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute

defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

31.     Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

32.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

33.     Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.


AGREED THIS DATE: ___3-17-10___


PATRICK J. FITZGERALD
United States Attorney

NEAL MASCHKE
Defendant

JULIE B. PORTER
TIFFANY J. TRACY
Assistant U.S. Attorneys

RALPH MECZYK
Attorney for Defendant

17